United States District Court
Southern District of Texas
**ENTERED**
August 31, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| J.B. Black, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 4:25-cv-6023 |
| | § | |
| Chicago Title Insurance Company, | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se* and *in forma pauperis*, alleges that Defendant breached an insurance agreement. Doc. 1. The case was referred to Magistrate Judge Bryan, who issued a Report recommending that Plaintiff's First Amended Complaint be dismissed with prejudice for failure to state a claim. Docs. 33, 44. Defendant timely objected to the Report. Doc. 46.

The Court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, the "objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Furthermore, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994). When there have been no timely objections to a report, or the

objections are improper, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

Plaintiff's only objection is that his breach of contract claim should be dismissed without prejudice and that he should be granted leave to amend. Doc. 46 at 1.[1] He argues that (1) the magistrate judge's report identifies curable pleading defects, (2) he did not receive a court-informed opportunity to cure prior to his first amendment, and (3) the proposed Second Amended Complaint is not facially futile. These objections are OVERRULED.

In its Motion to Dismiss, Defendant identified the deficiencies in Plaintiff's original Complaint. As such, it is irrelevant that the magistrate judge did not independently point out those defects prior to amendment. Plaintiff nonetheless "failed to cure those deficiencies or heed the general requirement to plausibly allege his claims." Doc. 44 at 11–12. The Court therefore agrees with the magistrate judge that Plaintiff has "pleaded his best case" and that "leave to amend should be denied. *Id.*

Having reviewed the Report and being satisfied that there is no error, the Court ADOPTS its findings and recommendations. Plaintiff's First Amended Complaint is DISMISSED WITH PREJUDICE. Any pending motions are DENIED AS MOOT.

This is a FINAL JUDGMENT.

---

[1] Plaintiff does not object to the recommendation to dismiss his claims for breach of the duty of good faith and fair dealing and for violation of Texas Insurance Code Chapter 542. Doc. 46 at 1.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 31st of August, 2026.

Nicholas J. Ganjei
United States District Judge